UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LILIAN KIRAKA,

                                  Plaintiff,

                                                                        6:18-CV-01264

v.

                                                                        (GLS/TWD)

M & T BANK,

                                  Defendants.
_____

APPEARANCES:

LILIAN KIRAKA
Plaintiff pro se
60 Freedom Court, Apt. K
Utica, NY 13502

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Presently before the Court is a *pro se* complaint filed by Plaintiff Lilian Kiraka and an application to proceed *in forma pauperis* ("IFP Application") (Dkt. Nos. 1 and 2.) The action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Generally, Plaintiff alleges that she was discriminated against in her employment because of her race or color. (Dkt. No. 1 at 3.[1]) While M & T Bank is the sole Defendant listed in the caption of Plaintiff's complaint and on the Clerk's Docket in the case, it appears from the body of the complaint that Plaintiff may also have intended to name M & T Bank employees Keren Hendrie ("Hendrie"), Meredith Smith ("Smith"), and Bridget Galla ("Galla") as Defendants. *Id*. at 2-3.

---

     [1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

**I.       PLAINTIFF'S IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP Application (Dkt. No. 2), the Court finds that she meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

**II.      LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. COMPLAINT

Plaintiff began work at the M & T branch office at 233 Genesee Street, Utica, New York ("233 Genesee branch"), on March 12, 2018.[2] (Dkt. No. 1 at 4.) According to Plaintiff, she was hired in a 50% teller and 50% banker position but was kept on the teller line as a teller when she was supposed to be a relationship banker. *Id*. at 3.

On March 30, 2018, Plaintiff was given her first warning for being late by Defendant Galla and full time teller, Brook. *Id*. The manager told her it was not her final notice. *Id*. Sometime between May 11, 2018, and May 25, 2018, Brook closed all of the teller lines while Plaintiff still had a customer who had come to the bank before closing. *Id*. When the manager came back from vacation, he handed Plaintiff a paper stating that the branch closed at 5:00pm, and she should not have helped the customer. *Id.*

According to Plaintiff, M & T Bank procedures did not allow an employee to enter the bank even if he or she had keys if there was already someone inside the branch. *Id*. On June 9, 2018, Plaintiff, who had an 8:45am start time, arrived at work 8:30am, but because she had to wait outside for 15 minutes for someone to let her, she clocked in late. *Id*. at 4-5. Plaintiff was asked why she was late, but according to Plaintiff she was not really late. *Id*. at 5. Later, on June 9, 2018, Plaintiff mixed up her transactions and BTM (customer checks and deposit slips) but

---

[2] Plaintiff alleges in her complaint that she began work at "233 Genesee Street." (Dkt. No. 1 at 4.) The Court takes judicial notice of the presence of an M & T Bank branch office at 233 Genesee Street, Utica, New York. *See* https://locations.mtb.com/ny/utica/bank-branches-and-atms-ny-1428.html (site last visited on November 5, 2018).

found one BTM and put it where it belonged before she left the branch.  Plaintiff alleges this was one of the reasons she was fired.  *Id*. at 5.

Plaintiff contends that when she was hired, she was told that no one would be terminated without three warning letters.  *Id*. at 5.  Nonetheless, Plaintiff's employment was terminated on June 15, 2018, without her having received three warning letters.  *Id*. at 6.  Her termination letter identified poor performance as the reason for termination.  *Id*.  When Plaintiff's employment was terminated, Defendant Smith stopped her from taking her personal belongings and threatened to call the police to drag her outside.  *Id.*

Plaintiff alleges her employment was terminated for what was described in her termination letter as poor performance, even though she was the hardest worker despite being a single mother, and she had closed one million dollars in insurance to customers from about May 1, 2018, to June 6, 2018, as well as opening various accounts.  *Id*. at 6.  Plaintiff appears to include a request in her complaint that the people who were involved in her termination also be terminated for lying to keep their jobs because they did not like her and had better customer services.  *Id*. at 7-8.

The U.S. Equal Opportunity Commission sent Plaintiff a right to sue letter on October 19, 2018.  *Id*. at 9-10.

IV.    ANALYSIS

    A.    **Individual Defendants Hendrie, Smith, and Galla**

Plaintiff, proceeding under Title VII, has sued three individual employees of Defendant M & T Bank.  (Dkt No. 1 at 1, 3.)  It is well settled that individuals are not subject to liability under Title VII.  *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004); *Wrighten v.*

5

*Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).  Therefore, the Court recommends that the claims against Defendants Hendrie, Smith, and Galla be dismissed.  The Court further recommends that inasmuch as a better pleading will not cure the deficiency in Plaintiff's Title VII claim against the individuals, the complaint be dismissed against them with prejudice.  *See Cuoco*, 222 F.3d at 112.

   B. M & T Bank

Plaintiff has also sued M & T Bank under Title VII.  (Dkt. No. 1 at 3.)  Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  A plaintiff asserting a claim under Title VII may establish a prima facie case by showing that (1) he or she belonged to a protected class; (2) he or she was qualified for the position held; (3) an adverse employment action occurred; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.  *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004).  Here, other than checking the box on the complaint form indicating she was discriminated against because of her race or color, Plaintiff has alleged no facts plausibly suggesting her membership in a protected class, or that the alleged adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.  The complaint does not specify Plaintiff's race or color, the race or color of the other employees allegedly treated differently, or any other facts plausibly suggesting discrimination on the basis of race.

Therefore, the Court recommends that Plaintiff's Title VII claim against M & T Bank be dismissed with prejudice unless Plaintiff submits an amended complaint setting forth facts suggesting her membership in a protected class and that the alleged adverse employment actions occurred under circumstances giving rise to an inference of discriminatory intent by M & T Bank for initial review by the Court within thirty (30) days of the District Court's filing of an Order accepting this Report and Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the claims against Defendants Hendrie, Smith, and Galla Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED** that the claim against Defendant M & T Bank be **DISMISSED WITH PREJUDICE UNLESS** Plaintiff submits an amended complaint setting forth facts suggesting her membership in a protected class and that the alleged adverse employment actions occurred under circumstances giving rise to an inference of discriminatory intent by M & T Bank for initial review by the Court within thirty (30) days of the District Court's filing of an Order accepting this Report and Recommendation; and it is hereby

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: November 7, 2018
       Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).  For reasons explained below, the Court recommends that the District Court dismiss the claims against individual Defendants Hendrie, Smith, and Galla with prejudice, and that the Court dismiss Plaintiff's claim against Defendant M & T Bank with prejudice