**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**LILIAN KIRAKA,**

                         **Plaintiff,**

                      **v.**

**M&T BANK,**

                         **Defendant.**
_____

**6:18-cv-1264
(GLS/TWD)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Lilian Kiraka
Pro Se
2 Kennedy Plaza
Apt 1605
Utica, NY 13501

**FOR THE DEFENDANT:**
Hodgson, Russ Law Firm
60 Railroad Place, Suite 300
Saratoga Springs, NY 12866

140 Pearl Street, Suite 100
Buffalo, NY 14202

**Gary L. Sharpe
Senior District Judge**

**OF COUNSEL:**

MICHELLE L. MEROLA, ESQ.

ROBERT FLUSKEY, II, ESQ.

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Lilian Kiraka brings this action against her former

employer, defendant M&T Bank.[1]  (Am. Compl., Dkt. No. 7.)  Plaintiff asserts the following three claims: (1) employment discrimination under Title VII[2]; (2) hostile work environment under Title VII; and (3) breach of contract.[3]  (*Id.*)  Before the court is M&T Bank's motion to dismiss.  (Dkt. No. 20.)

## II. Background

### A. Facts[4]

Kiraka, a "black African" female from Tanzania, was terminated from her employment at M&T Bank in June 2018.  (Am. Compl. at 3-4.)  Kiraka was hired to be "a relationship banker with 50% banker and 50% teller"

---

[1] M&T Bank maintains that Kiraka has incorrectly named it as the defendant, and that Kiraka was employed by Manufacturers and Traders Trust Company.  (Dkt. No. 20, Attach. 1 at 5 n.1.)

[2] *See* 42 U.S.C. §§ 2000e-2000e-17.

[3] Kiraka's prayer for relief lists "[m]ental and emotional distress [as a] result of the discrimination."  (Am. Compl. at 8.)  It is unclear whether Kiraka is asserting this as a separate cause of action or for compensatory damages, but, in any event, such a claim fails because Kiraka fails to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[4] The facts are drawn from Kiraka's amended complaint, (Dkt. No. 7), and presented in the light most favorable to her.

2

responsibilities. (*Id.* at 6.)

After relocating to the M&T Bank branch in Utica, New York and reporting for her first day in March 2018, Kiraka requested "time to adjust" and to find a daycare for her child. (*Id.* at 3.) She was never given this time. (*Id.*)

On March 30, 2018, Kiraka "was given a warning [letter] for being late to work," which she was "forced" to sign. (*Id.*) The following week, a co-worker told Kiraka that she "does not like the way [Kiraka] talk[s]." (*Id.*) According to Kiraka, "this is how [she has] been communicating and talking and no one has ever complained." (*Id.*) Then, at some point in April 2018, Kiraka was "stripped" of her "assigned responsibilities," and was told that she could only be a teller because they did not need another banker on the floor. (*Id.*)

In May 2018, "[M&T Bank] announced to regional managers and [Kiraka's] [c]oworkers that [she] was very stressed [and could not] focus on [her] work." (*Id.* at 4.) She was also told that she could not "attend school and work at the same time," even though she had informed M&T Bank at the outset of her intentions to be in school during the fall of 2018. (*Id.*)

On June 9, 2018, she was accused of being late to work again. (*Id.*)

3

Shortly thereafter, on June 15, 2018, Kiraka was terminated "because of poor performance." (*Id.*)

**B.    Procedural History**

Kiraka filed her initial complaint on October 26, 2018. (Compl., Dkt. No. 1.) The court later adopted Magistrate Judge Thérèse Wiley Dancks' Order and Report-Recommendation, dismissing with prejudice certain previously named defendants, and, dismissing without prejudice claims against M&T Bank. (Dkt. Nos. 4, 6.) The dismissal without prejudice provided Kiraka the opportunity to replead her claims "setting forth facts suggesting her membership in a protected class and that the alleged adverse employment actions occurred under circumstances giving rise to an inference of discriminatory intent by M&T Bank." (Dkt. No. 4 at 7.)

On January 8, 2019, Kiraka filed an amended complaint, alleging the following claims: (1) employment discrimination under Title VII; (2) hostile work environment under Title VII; and (3) breach of contract.[5] (Am. Compl. at 6.)[6]

---

[5] M&T Bank has not moved to dismiss this cause of action. As such, the claim remains.

[6] As a *pro se* litigant, the court must read Kiraka's pleadings "liberally and interpret them to raise the strongest arguments that they

4

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

#### A. Title VII Employment Discrimination

M&T Bank argues that Kiraka fails to plead facts indicating that she was qualified for her employment role at M&T Bank, and fails to plead facts indicating that her termination occurred under circumstances that give rise to an inference of discriminatory intent. (Dkt. No. 20, Attach. 1 at 8.)

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42. U.S.C. § 2000e-2(a). A plaintiff asserting a claim under Title VII may establish a prima facie case by showing (1) "that

---

suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

[s]he belonged to a protected class; [(]2) that [s]he was qualified for the position [s]he held"; (3) that an adverse employment action occurred; and (4) "that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (citation omitted).

"An adverse employment action is a materially adverse change in the terms and conditions of employment . . . [that] is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Abboud v. Cnty. of Onondaga, New York*, 341 F. Supp. 3d 164, 179 (N.D.N.Y. 2018) (citation omitted). "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Id.* (citation omitted).

A liberal reading of Kiraka's complaint indicates that she has arguably made a prima facie showing of employment discrimination under Title VII. (Am. Compl.) First, Kiraka alleges that M&T Bank discriminated

against her based on her race, sex, national origin, and marital status.[7] (Am. Compl. at 2-4.) Kiraka, a "black African" female from Tanzania, is a member of a protected class under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). Second, she worked for M&T Bank prior to her termination, which is sufficient to satisfy that she was qualified for the position. *See Bowman v. Granny's Kitchen, LLC*, No. 6:14-cv-00585, 2015 WL 541276, at *4 (N.D.N.Y. Feb. 10, 2015).

As to the third prong, Kiraka alleges that she was terminated, which qualifies as an adverse employment action, *see id.*, and she also alleges that her job responsibilities were diminished, (Am. Compl. at 2, 6). For instance, Kiraka asserts that she was hired to act as "50% banker and 50% teller," but about approximately one month into the job, she was "stripped . . . of [her] assigned responsibilities," and told that she could "only be a teller." (*Id.* at 3, 6.)

As to the fourth prong, Kiraka claims that a co-worker "told [her that] she does not like the way [she] talk[s]," and that the following week, she was not allowed to leave even though her work day was finished. (*Id.* at 3.)

---

[7] Marital status is not a protected class under Title VII. *See Singh v. N.Y. State Dep't of Tax'n & Fin.*, 911 F. Supp. 2d 223, 233 n.3 (W.D.N.Y. 2012).

Kiraka additionally alleges that a "black African male" was hired one month after her and was given vacation time, but that she was not given time to find a daycare for her child. (*Id.* at 3-4.) According to Kiraka, "[M&T Bank] needed to hire a black person to justify [her] terminati[on]." (*Id.* at 4.) And, she was also told that she could not "attend school and work at the same time," even though she had informed M&T Bank at the outset of her intentions to be in school during the fall of 2018. (*Id.*) Notably, although M&T Bank argues that Kiraka has failed to allege facts that her termination was the result of discrimination, (Dkt. No. 20, Attach. 1 at 8), M&T Bank fails to address all of the adverse actions alleged by Kiraka. Further, "[a] plaintiff can establish an inference of discrimination in various ways, such as direct proof of 'actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus.'" *Gray v. Onondaga-Cortland-Madison BOCES*, No. 5:16-CV-973, 2020 WL 1029022, at *6 (N.D.N.Y. Mar. 3, 2020) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)). "Without any direct proof, the 'timing or sequence of events leading to the plaintiff's termination' can be a circumstance that gives rise to an inference of discrimination." *Id.*

For the foregoing reasons, and in deference to Kiraka's *pro se*

status, Kiraka has pleaded enough facts for the court to plausibly infer that she suffered an adverse employment action because of her membership in a protected class. Accordingly, M&T Bank's motion to dismiss Kiraka's employment discrimination under Title VII claim is denied.

B. **Title VII Hostile Work Environment**

A plaintiff asserting a hostile work environment claim under Title VII may establish a prima facie case by showing that the conduct she complains of:

> (1) is objectively severe or pervasive, that is, . . . the conduct creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [sex, race, or any other characteristic protected by Title VII].

*Bowman*, 2015 WL 541276, at *2 (citing *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted). Further, "[i]n determining whether conduct constitutes a hostile work environment, the [c]ourt must consider the frequency and severity of the discriminatory conduct, whether the conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance." *Id.* at *3 (citation omitted). "[A] few isolated incidents of

9

boorish or offensive use of language are generally insufficient to establish a hostile work environment." *Id.* (internal quotation marks and citation omitted).

Assuming *arguendo* that Kiraka exhausted her hostile work environment allegations,[8] she fails to state a plausible claim under Title VII. For instance, as noted above, Kiraka claims that a co-worker "told [her that] she does not like the way [she] talk[s]." (Am. Compl. at 3.) However, even if accepted as true for the purposes of a motion to dismiss, this comment is insufficient to state a plausible hostile work environment claim. *See Bowman*, 2015 WL 541276, at *3 (finding that a single racial slur by the plaintiff's supervisor, followed by the supervisor's boss telling the plaintiff to "stay away from him," failed to state a plausible hostile work environment claim); *Salmon v. Pliant*, 965 F. Supp. 2d 302, 306 (W.D.N.Y.

---

[8] "[A] district court may not adjudicate a Title VII claim unless it has been administratively exhausted, or is 'reasonably related' to claims raised in an appropriate administrative proceeding." *Hussey v. N.Y. State Dept. of Law/Office of Atty. Gen.*, 933 F. Supp. 2d 399, 411 (E.D.N.Y. 2013) (citation omitted). M&T Bank contends that although there is an Equal Employment Opportunity Commission (EEOC) notice attached to Kiraka's initial complaint, (Compl.), M&T Bank played no role in the EEOC proceeding, and "cannot locate any documents that it received arising out of this EEOC charge." (Dkt. No. 20, Attach. 1 at 6-7.) As such, it is unclear at this stage in the litigation whether Kiraka has exhausted her administrative remedies.

2013) (finding that the use of a racial slur by a co-worker, combined with multiple other incidents of offensive conduct over the course of seven years, was insufficient to state a plausible hostile work environment claim).

Kiraka also alleges that M&T Bank gave her warnings for being late to work, and that an M&T employee did not allow her to leave work, even though Kiraka had finished her work for the day. (Am. Compl. at 3.) Further, Kiraka contends that she was not given time off to find day care for her child, but that a "black American male" who was employed after Kiraka was given vacation time. (*Id.* at 3-4.) Lastly, Kiraka alleges that an M&T employee "made mockery of [her] accent," and that she heard another coworker "discussing [her] in [an] extremely negative light." (*Id.* at 6.) However, Kiraka's conclusory allegations fail to "demonstrate that she was subjected to the hostility because of her membership in a protected class." *See Smith*, 2020 WL 777786, at *25 (citation omitted); *Hussey*, 933 F. Supp. 2d at 412 (dismissing the plaintiff's hostile work environment claim because she "failed to allege that any of the defendants' specific actions were motivated by discriminatory animus"). Thus, although Kiraka argues that M&T Bank's behavior "can reasonably be considered to adversely affect[] [her] work environment," (Dkt. No. 24 at 2), for the

11

foregoing reasons, she has failed to set forth allegations sufficient to survive a motion to dismiss. Accordingly, M&T Bank's motion to dismiss Kiraka's hostile work environment under Title VII claim is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that M&T Bank's motion to dismiss (Dkt. No. 20) is **GRANTED IN PART and DENIED IN PART** as follows:

**GRANTED** as to Kiraka's Title VII hostile work environment claim; and

**DENIED** in all other respects; and it is further

**ORDERED** that M&T Bank shall respond to the amended complaint within the time allotted by the rules; and it is further

**ORDERED** that the parties contact Magistrate Judge Thérèse Wiley Dancks to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 18, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge